IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Rondell Hope | : |
| Plaintiff, | : |
| | : Civil Action No. 2:20-cv-3921 |
| v. | : |
| | : JUDGE |
| Juneflower, LLC | : |
| c/o Hamsaveni Ray | : MAGISTRATE JUDGE |
| 1231 Daventry Lane | : |
| Powell, Ohio 43065 | : **Jury Demand Endorsed Hereon** |
| -and | : |
| Hamsaveni Ray | : |
| 1231 Daventry Lane | : |
| Powell, Ohio 43065 | : |
| Defendants. | : |

## COMPLAINT

NOW COMES Plaintiff Rondell Hope ("Plaintiff") for her complaint against Defendants Juneflower, LLC ("Defendant Juneflower") and Hamsaveni Ray ("Defendant Ray") (collectively, "Defendants"), and hereby states as follows:

**I.    JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio and are headquartered in the Southern District of Ohio.

## II. NATURE OF THIS ACTION

4. This lawsuit seeks to recover minimum wage and overtime compensation for Plaintiff who worked as a Subway Sandwich Artist for Defendants at all times relevant here pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and the Ohio Wage Act.

5. Defendants own and operate a Subway restaurant located at 5892 Karl Rd., Columbus, Ohio, 43229.

6. At all times relevant here, Defendants employed Plaintiff as an hourly, non-exempt Subway Sandwich Artist.

7. At all times relevant here, Defendants did not pay Plaintiff (1) the minimum wage for all hours worked, or (2) one and one-half times her regular hourly rate for all hours worked over (40) hours per week.

8. The primary duties of a Subway Sandwich Artist do not fall under any of the exemptions under federal or state overtime laws.

9. Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

10. Plaintiff was not paid for all of her compensable hours worked because of improper deductions of time made by Defendants.

11. The improper deductions resulted in unpaid overtime wages and minimum wage violations.

12. By the conduct described in this Complaint, Defendants have violated the FLSA and Ohio law by failing to pay Plaintiff at least the minimum wage and all overtime wages she earned and to which she is entitled by law.

### III. PARTIES

#### a. Plaintiff Hope

13. Plaintiff Rondell Hope ("Plaintiff" or "Plaintiff Hope") is a resident of the State of Ohio.

14. Plaintiff started working for Defendants as a Subway Sandwich Artist in or around May 2019 until approximately June of 2020.[1]

15. At all times throughout Plaintiff's employment with Defendants, Plaintiff was entitled to be paid at least the minimum wage for all hours worked and additionally overtime pay for all hours worked over 40 per week.

16. Plaintiff is a covered employee within the meaning of the FLSA.

17. Defendants set Plaintiff's pay at $10 per hour.[2]

18. Plaintiff regularly worked over 40 hours per week but was not paid overtime wages for all such hours.

#### b. Defendants

19. Defendant Juneflower is a domestic limited liability company with its principal place of business in the Southern District of Ohio. Defendant Juneflower operates a Subway

---

[1] Plaintiff briefly left her employment with Defendants for approximately 2-3 months before returning to work for Defendants in 2019.
[2] As discussed *infra*, Defendants improperly made various deductions from Plaintiff's pay which brought her effective hourly rate of pay below the required minimum wage in violation of the FLSA and Ohio law.

restaurant located at 5892 Karl Rd., Columbus, Ohio, 43229. Defendant COEC may be served through its Registered Agent Defendant Ray at 1231 Daventry Lane, Powell, Ohio, 43065.

20. Upon information and belief, Defendant Ray is an individual, a United States Citizen, and a resident of the State of Ohio.

21. Upon information and belief, Defendant Ray is the owner of Defendant Juneflower. Defendant Ray is also the statutory agent of Defendant Juneflower.

22. During relevant times, Defendant Ray, as owner, has had operational control over significant aspects of the day-to-day functions of Defendant Juneflower, including the day-to-day functions of Plaintiff.

23. During relevant times, Defendant Ray has had the authority to hire, fire and discipline employees, including Plaintiff.

24. During relevant times, Defendant Ray has had the authority to set rates and methods of compensation of Plaintiff.

25. During relevant times, Defendant Ray has had the authority to control the work schedule and employment conditions of Plaintiff.

26. During relevant times, Defendant Ray has had ultimate authority and control of employment records.

27. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

28. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

29. Upon information and belief, Defendants' joint employees were engaged in interstate commerce, and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

30. During relevant times, Defendants jointly suffered and permitted Plaintiff to work more than forty (40) hours per workweek while not compensating her for all such hours worked over forty (40) at a rate of at least one and one-half times her regular rate of pay.

31. During relevant times, Defendants jointly suffered and permitted Plaintiff to work while not compensating her at the minimum rate of least $7.25 per hour as required under the FLSA or the minimum rate under Ohio law. 29 U.S.C. § 206(a)(1).

32. During relevant times, Defendants have mutually benefitted from the work performed by Plaintiff.

33. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

34. During relevant times, Defendants shared the services of Plaintiff.

35. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

36. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

37. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

## IV. FACTUAL BACKGROUND

38. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes willfully failing to pay Plaintiff at the minimum wage rate of $7.25 per hour under the FLSA, the minimum wage rate under Ohio law, and overtime wages for hours that she worked in excess of 40 hours per workweek by making various improper deductions from her pay.

39. Defendants improperly reduced Plaintiff's recorded hours worked for a variety of reasons, including but not limited to deductions for: (1) rent; (2) gas charges; and (3) electricity charges.

40. Plaintiff and Defendant Ray entered into a residential lease wherein the parties agreed Plaintiff would rent certain real property owned by Defendant Ray located at 5708 Beechcroft Rd., Apt. B, Columbus, Ohio 43065. *See* **Exhibit A** (hereafter the "Lease").

41. In the Lease, Plaintiff and Defendant Ray agreed to a monthly rental amount of $825. *See* **Exhibit A** at ¶3.

42. Defendant Ray agreed to provide Plaintiff a $275 rent discount as long as Plaintiff remained an employee of Defendant Juneflower. *See* **Exhibit A** at ¶3(A).

43. Plaintiff's total monthly rent therefore was effectively $550 per month as long as she continued working for Defendant Juneflower after accounting for the discount.

44. Throughout her employment with Defendants, Plaintiff consistently worked more than 40 hours per week.

45. Instead of paying Plaintiff for all hours worked at the minimum required rate and at a rate of one and a half times her regular rate for all hours over 40 per week, Defendants first totaled

and then deducted several unrelated rental charges from Plaintiff's paychecks, including (1) $275 per paycheck for Plaintiff's monthly rent; (2) monthly gas charges from Plaintiff's rental unit; and (3) monthly electricity charges from Plaintiff's rental unit.

46. Such deductions were improper for numerous reasons, including but not limited to: (1) Plaintiff never provided authorization to Defendants to make these deductions from her paychecks in the Lease or otherwise; (2) Defendants failed to account for the additional overtime premium owed to Plaintiff for all hours worked over 40 per workweek when completing the calculations; and (3) the deductions resulted in Plaintiff receiving less than the minimum wage rate for all hours worked and also not receiving all overtime wages earned.

47. When calculating Plaintiff's pay, Defendants first totaled the "charges". Then, Defendants divided the total charges by Plaintiff's regular hourly rate of $10 per hour to calculate the "Hours deductable (sic)" from Plaintiff's recorded hours worked.

48. Defendants then reduced Plaintiff's total hours worked by the "Hours deductable (sic)" to determine the total hours that Plaintiff would be paid for.

49. Plaintiff and Defendants never agreed that Defendants would deduct $275, or any other amount, from Plaintiff's paychecks from Defendants for any charges or rent for Plaintiff's rental unit.

50. The Lease provides that the unit was to be rented to and exclusively used by Plaintiff. *See* **Exhibit A**, ¶5.

51. In pertinent part, the Lease states "The Premises shall be used and occupied solely by Tenant consisting of **one,** exclusively….". *See* **Exhibit A**, ¶5.

52. Defendants later had another employee of Defendants move into Plaintiff's rental unit in violation of the Lease.

53. Defendants collected $250 per month from the additional employee Tenant, but Defendants did not reduce Plaintiff's monthly rent obligation or provide such additional funds to Plaintiff.

54. Plaintiff's primary duties for Defendants were non-exempt duties, as described in this Complaint.

55. Defendants were aware that Plaintiff worked more than 40 hours per workweek during this time because they manually reduced her hours worked and willfully, knowingly, and intentionally paid Plaintiff less hours than those worked by Plaintiff.

56. Defendants willfully, knowingly, and intentionally failed to pay Plaintiff the required minimum wage rate for all hours worked and overtime compensation for all hours worked over 40 in a workweek in violation of the FLSA and Ohio law.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**FLSA –UNPAID OVERTIME**

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. Defendants have violated the FLSA as described in this Complaint.

59. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

61. Defendants are, individually and jointly, an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

62. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

63. At all relevant times, the job duties of Plaintiff primarily consisted of non-exempt duties.

64. Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA as described above.

65. Plaintiff routinely worked in excess of forty (40) hours per week.

66. Plaintiff should have been paid the overtime premium for all hours worked in excess of forty (40) hours per week but was not.

67. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

68. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As to Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

70. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FLSA –UNPAID MINIMUM WAGE

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. 29 U.S.C. § 206(a)(1).

73. During relevant times, Plaintiff was not exempt from receiving the FLSA minimum wage.

74. Defendants violated the FLSA with respect to Plaintiff by failing to compensate her at the minimum wage rate for all hours worked in a workweek. Instead, Defendants improperly reduced Plaintiff's compensable hours worked, resulting in FLSA minimum wage violations.

75. Defendants knew or should have known of the minimum wage requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wages to which Plaintiff is entitled.

76. Defendants have knowingly and willfully failed to pay Plaintiff the wages she was due.

77. The exact total amount of compensation that Defendants have failed to pay the Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff seeks unpaid wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### THIRD CAUSE OF ACTION
### R.C. 4111.03 – UNPAID OVERTIME

79. All of the preceding paragraphs are realleged as if fully rewritten herein

80. This claim is brought under Ohio Law.

81. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

82. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40

in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1).

83. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

84. Defendants are, individually and jointly, a covered employer required to comply with the Ohio Wage Act's mandates.

85. Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to compensate her at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

86. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

87. For Defendants' violations of the Ohio Wage Act, Plaintiff has suffered damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### FOURTH CAUSE OF ACTION
### R.C. 4111.03 – MINIMUM WAGE VIOLATIONS OF THE OHIO WAGE ACT AND THE OHIO CONSTITUTION

88. All of the preceding paragraphs are realleged as if fully rewritten herein

89. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

90. During relevant times, Plaintiff was entitled to the Ohio Wage Act's protections.

91. During relevant times, Defendants were entities covered by the Ohio Constitution Art. II, § 34; and Plaintiff was employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

92. During relevant times, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

93. During relevant times, Plaintiff was not exempt from receiving the Ohio minimum wage.

94. During relevant times, Defendants improperly deducted compensable time from Plaintiff's time records. The improper deductions resulted in Defendants failing to pay Plaintiff the minimum wage under Ohio law for all hours worked.

95. During relevant times, Defendants failed to pay Plaintiff at least the Ohio minimum wage per hour for hours worked in a workweek, in violation of Ohio law.

96. Defendants' policy and practice, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

97. Plaintiff has been harmed and continues to be harmed by Defendants acts or omissions described herein.

98. As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, plus an additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to O.R.C. §4111.14(J).

99. The exact total amount of compensation, including minimum wage and overtime compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

**FIFTH CAUSE OF ACTION**
**R.C. 4113.15 —OPPA VIOLATION**

100. All of the preceding paragraphs are realleged as if fully rewritten herein.

101. During relevant times, Defendants were covered by the OPPA and Plaintiff was employed by Defendants within the meaning of the OPPA.

102. The OPPA requires Defendants to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

103. During relevant times, Plaintiff was not paid all wages, including minimum wage and overtime wages, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

104. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

105. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

## SIXTH CAUSE OF ACTION
## RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

106. All of the preceding paragraphs are realleged as if fully rewritten herein.

107. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

108. During all times material to this complaint, Defendants, individual and jointly, were a covered employer, and were required to comply with the Ohio Wage Act's mandates.

109. Plaintiff was a covered employee entitled to the protection of the Ohio Wage Act.

110. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Plaintiff by failing to properly maintain accurate records of all hours Plaintiff worked each workday and within each workweek by manually adjusting Plaintiff's compensable hours worked and submitting less than her actual hours worked to payroll as described above.

111. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

112. All of the preceding paragraphs are realleged as if fully rewritten herein.

113. This claim is brought under Ohio Law.

114. Plaintiff and Defendant Ray entered into a binding residential lease wherein the parties agreed Plaintiff would rent certain real property owned by Defendant Ray located at 5708 Beechcroft Rd., Apt. B, Columbus, Ohio 43065. *See* **Exhibit A**.

115. Plaintiff and Defendant Ray never agreed that and the Lease does not authorize Defendants to deduct $275, or any other amount, from Plaintiff's paychecks from Defendants for any charges or rent for Plaintiff's rental unit.

116. Plaintiff and Defendant Ray never agreed and the Lease does not authorize Defendants to reduce Plaintiff's compensable hours worked for Defendants, or to avoid paying Plaintiff the minimum wage or overtime wages by making various deductions to her paychecks for any Lease obligations.

117. Defendant Ray agreed in the Lease that the unit was to be rented only to Plaintiff and exclusively used by Plaintiff. *See* **Exhibit A**, ¶5.

118. Despite the Lease's provision that "The Premises shall be used and occupied solely by Tenant consisting of **one,** exclusively….", Defendants later had another employee of Defendants move into Plaintiff's rental unit in violation of the Lease. *See* **Exhibit A**, ¶5.

119. Defendants collected an additional $250 per month from another employee Tenant, but Defendants did not reduce Plaintiff's monthly rent obligation or tender these monthly payments to Plaintiff for her shared use of the Premises.

120. Plaintiff complied with all contractual obligations pursuant to the Lease.

121. Defendant Ray failed to fulfill her contractual obligations under the Lease, without legal excuse, by (1) deducting $275 from Plaintiff's paychecks for rent without authorization or basis under the Lease; (2) making various deductions to Plaintiff's paychecks for Lease obligations, without authorization, to avoid paying Plaintiff the minimum wage or overtime wages for work performed for Defendants; and (3) by having another employee of Defendants move into Plaintiff's rental unit in violation of the Lease, and also by collecting additional rent from that individual without crediting the same to Plaintiff's rent obligations or tendering such payments to Plaintiff.

122. As a direct and proximate result of Defendants' conduct and breaches of the Agreement, Plaintiff has suffered damages, including but not limited to loss from improper deductions, loss of income, attorney's fees and costs, and other damages resulting from Defendants' breaches, for which Defendants are liable.

123. By reason of the Defendants' breach, Plaintiff has been damaged.

**VI. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendants for an Order:

A. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff is entitled to prove her hours worked with reasonable estimates;

B. Awarding Plaintiff unpaid compensation, including overtime wages and minimum wages, as to be determined at trial together with liquidated damages allowed by the FLSA;

C. Awarding Plaintiff unpaid compensation, including overtime wages and minimum wages, as to be determined at trial together with any liquidated damages allowed by Ohio Law;

D. Awarding Plaintiff damages allowed by the OPPA;

E. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

F. Awarding Plaintiff all damages from Defendants' breach of the Lease;

G. Awarding Plaintiff such other and further relief as the Court deems just and proper;

H. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully Submitted,

| COFFMAN LEGAL, LLC | Contreras Law, LLC |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Peter A. Contreras* |
| Matthew J.P. Coffman (0085586) | Peter Contreras (0087530) |
| 1550 Old Henderson Road | 1550 Old Henderson Road |
| Suite 126 | Suite 126 |
| Columbus, Ohio 43220 | Columbus, Ohio 43220 |
| Phone: 614-949-1181 | Phone: 614-787-4878 |
| Fax: 614-386-9964 | Fax: 614-957-7515 |
| Email: mcoffman@mcoffmanlegal.com | Email:peter.contreras@contrerasfirm.com |

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman